## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO.:    1:21-CR-68-HAB |
| | ) | |
| AUSTIN L. WILLIAMS | ) | |

## OPINION AND ORDER

Defendant pled guilty to Counts 1, 2 and 4 of a four-count indictment charging him with possessing with intent to distribute a controlled substance, including 5 grams or more of methamphetamine, a schedule II controlled substance in violation of 21 U.S.C. § 841(a)(1), possession a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c), and being a felon in possession of a firearm in violation of 18 U.S.C. §922(g)(1). On June 1, 2022, the Court sentenced Defendant to 156 months' imprisonment, consisting of 96 months on Counts 1 and 4 and a consecutive 60 months on Count 2. Defendant did not appeal. Presently before the Court is Defendant's Motion for a Sentence Reduction under 3582(c)(2), (ECF No. 52), in which he argues that the Court improperly added a firearm sentence enhancement when calculating his guideline range in violation of Amendment 599 to the United States Sentencing Guidelines (U.S.S.G.). He seeks modification of his sentence because he believes that the Court engaged in impermissible double counting.

A district court may modify a previously imposed sentence under section 3582(c)(2) if the defendant's guideline range has been lowered subsequent to his sentencing by an act of the United States Sentencing Commission (the "Commission"). Amendment 599 was made effective by the Commission on November 1, 2000. U.S.S.G. App. C., Vol. II, Amend. 599. Accordingly, Amendment 599 was in effect at the time of Defendant's sentencing on June 1, 2022, and therefore

cannot operate to reduce his sentence under 18 U.S.C. § 3582(c)(2). See *United States v. Owens*, 325 F. App'x 765, 766 (11th Cir. 2009).

Because he is challenging the Court's application of Amendment 599 at his original sentencing, rather than seeking application of a post-sentencing Amendment made retroactive by the Commission, Defendant's argument falls within the scope of 28 U.S.C. § 2255. The Seventh Circuit has made clear that a postconviction motion that is functionally, substantively, a motion under section 2255 should be treated as such, even if labeled differently. *Henderson v. United States*, 264 F.3d 709, 710 (7th Cir. 2001), citing *United States v. Evans*, 224 F.3d 670, 673 (7th Cir. 2000). Indeed,

> [a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 ¶ 1, *is* a motion under § 2255, no matter what title the prisoner plasters on the cover. Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get-Out-of-Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States,* 359 F.3d 855, 857 (7th Cir. 2004) (internal citations omitted). Therefore, Defendant's Motion can only properly be construed as a Motion Pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct the sentence.

Accordingly, pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), this Court is now advising Defendant of this Court's intent to characterize the Motion as one under § 2255 and warns Defendant that this characterization will subject any subsequent § 2255 motion to the restrictions applicable to second or successive § 2255 motions (see 28 U.S.C. § 2255(h)). This court further advises Defendant that he has the opportunity to withdraw the Motion, if he does not want it to be considered a Motion under § 2255, or to amend it to include every § 2255 claim that he believes that he has. *Castro*, 540 U.S. at 383; *see also Nolan v. United States*, 358 F.3d 480, 482 (7th Cir. 2004).

**IT IS THEREFORE ORDERED THAT:**

(1) The clerk of this court is directed to refile Defendant's pro se Motion for a Sentence Reduction under 3582(c)(2), (ECF No. 52) as a Motion Pursuant to 28 U.S.C. § 2255.

(2) Defendant is hereby notified that his Motion will be construed by this court as a Motion Pursuant to 28 U.S.C. § 2255. Defendant is allowed until March 3, 2025, to withdraw his Motion if he does not want to proceed under 28 U.S.C. § 2255 or to amend his Motion to include every § 2255 claim that he believes that he has.

(3) If Defendant does not withdraw his motion or amends his Motion within the given time frame, the Government is allowed until May 5, 2025, to file its Response to Defendant's Motion.

(4) Defendant's reply, if any, shall be filed within thirty (30) days from the date on which the Government's response is filed.

SO ORDERED on January 30, 2025.

s/ Holly A. Brady
CHIEF JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT